AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

**FILED**

NOV 1 7 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **v.** | (For Offenses Committed On or After November 1, 1987) |
| ARTHUR LEE BAUTISTA (1) | Case Number: 15CR2721-BEN |
| | ROBERT E. BOYCE |
| | Defendant's Attorney |

**REGISTRATION NO.** 51400298

☐

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1s OF THE SUPERSEDING INFORMATION.

☐ was found guilty on count(s)_____

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 846, 841(a)(1) | CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE | 1s |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)_____

☒ Count(s) UNDERLYING INDICTMENT is ☒ are ☐ dismissed on the motion of the United States.

☒ Assessment: $100.00 forthwith or through the Inmate Financial Responsibility Program (IFRP) at the rate of not less than $25.00 per quarter during the period of incarceration.

☒ Fine waived          ☒ Forfeiture pursuant to order filed SEPTEMBER 7, 2016 , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

OCTOBER 24, 2016

Date of Imposition of Sentence

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

15CR2721-BEN

AO 245B (CASD) (Rev. 12/11)  Judgment in a Criminal Case
· Sheet 2 — Imprisonment

DEFENDANT: ARTHUR LEE BAUTISTA (1)
CASE NUMBER: 15CR2721-BEN

Judgment — Page __2__ of __9__

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of
ONE HUNDRED AND THIRTY-SEVEN (137) MONTHS CONCURRENT TO THE SENTENCE IMPOSED IN CASE
15CR2720-BEN.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:
DEFENDANT BE ALLOWED TO PARTICIPATE IN THE 500-HOUR DRUG TREATMENT PROGRAM.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

    as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

15CR2721-BEN

AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __9__

DEFENDANT: ARTHUR LEE BAUTISTA (1)
CASE NUMBER: **15CR2721-BEN**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
FIVE (5) YEARS.

     The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒   The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

     If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (CASD) (Rev. 12/11 Judgment in a Criminal Case
Sheet 4 — Special Conditions

DEFENDANT: ARTHUR LEE BAUTISTA (1)
CASE NUMBER: **15CR2721-BEN**

Judgment—Page __4__ of __9__

# SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within  24  hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

☐ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. Is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☐ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within          days.

☐ Complete          hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☒ Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. Is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐

**15CR2721-BEN**

1

2

3

4

5

6

7

8

FILED

16 SEP -7 PM 12:49

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___ 0 ___

UNITED STATES DISTRICT COURT

9        SOUTHERN DISTRICT OF CALIFORNIA

10    UNITED STATES OF AMERICA,            Case No.  15cr2720-BEN
                                                    15cr2721-BEN
11                  Plaintiff,
                                            PRELIMINARY ORDER OF
12             v.                           CRIMINAL FORFEITURE

13    ARTHUR LEE BAUTISTA (1),
           aka Bone,
14
                    Defendant.
15

16        WHEREAS, in the Indictment in Criminal Case No. 15cr2720-BEN and the

17   Superseding Information in Criminal Case No. 15cr2721-BEN, the United States

18   sought forfeiture of all right, title and interest in specific properties of the above-

19   named Defendant, ARTHUR LEE BAUTISTA ("Defendant"), pursuant to 18 U.S.C.

20   § 924(d)(1) and 28 U.S.C. § 2461(c) as properties involved in the commission of

21   18 U.S.C. §§ 922(g)(1) and 924(a)(2) as charged in the Indictment, and pursuant to

22   21 U.S.C. § 853 as properties involved in the commission of 21 U.S.C. §§ 841(a)(1)

23   and 846 as charged in the Superseding Information; and

24        WHEREAS, on or about March 22, 2016, Defendant pled guilty before

25   Magistrate Judge Karen S. Crawford to the Indictment and Superseding Information,

26   which consolidated plea included consent to the forfeiture allegations of the

27   Indictment and Superseding Information, including but not limited to, forfeiture of

28   the following:

(a)  Heckler & Koch, model USP, 9mm Luger caliber pistol, bearing serial number 24-24830;

(b)  Smith & Wesson, model M&P 40, .40 S&W caliber pistol, bearing serial number DTF8148;

(c)  Smith &Wesson, model 910, 9mm Luger caliber pistol, bearing serial number BDX6629;

(d)  Sig-Sauer, model P220, .45 ACP caliber pistol, bearing serial number 37B001195;

(e)  Smith & Wesson, model 19, .357 Magnum caliber revolver, bearing serial number AAS7560;

(f)  Winchester, model 94, .30-30 Winchester caliber rifle, bearing serial number 1511149;

(g)  Spike's Tactical, model ST-15, .223 Remington caliber rifle, bearing serial number 82044;

(h)  German Sports Guns, model GSG-522, .22 LR caliber rifle, bearing serial number A566580;

(i)  Remington, model 513T, .22 LR caliber rifle, bearing serial number 91697;

(j)  Remington, model 1100, 12 gauge shotgun, bearing serial number L871449V; and

(k)  ULR AR-15 type Rifle CAL: Unknown, SN: None.

WHEREAS, on August 15, 2016 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the consolidated plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which were found forfeitable by the Court; and

2                          15cr2720/15cr2721

1  //

2      WHEREAS, the United States, having submitted the Order herein to the

3  Defendant through his attorney of record, to review, and no objections having

4  been received;

5      Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

6      1.    Based upon the guilty plea of the Defendant, the United States is hereby

7  authorized to take custody and control of the following assets, and all right, title and

8  interest of Defendant ARTHUR LEE BAUTISTA in the following properties are

9  hereby forfeited to the United States for disposition in accordance with the law,

10  subject to the provisions of 21 U.S.C. § 853(n):

11  (a)   **Heckler & Koch, model USP, 9mm Luger caliber pistol,
12         bearing serial number 24-24830;**

13  (b)   **Smith & Wesson, model M&P 40, .40 S&W caliber pistol,
               bearing serial number DTF8148;**

14  (c)   **Smith &Wesson, model 910, 9mm Luger caliber pistol,
15         bearing serial number BDX6629;**

16  (d)   **Sig-Sauer, model P220, .45 ACP caliber pistol, bearing
               serial number 37B001195;**

17  (e)   **Smith & Wesson, model 19, .357 Magnum caliber revolver,
18         bearing serial number AAS7560;**

19  (f)   **Winchester, model 94, .30-30 Winchester caliber rifle,
               bearing serial number 1511149;**

20  (g)   **Spike's Tactical, model ST-15, .223 Remington caliber rifle,
21         bearing serial number 82044;**

22  (h)   **German Sports Guns, model GSG-522, .22 LR caliber rifle,
               bearing serial number A566580;**

23  (i)   **Remington, model 513T, .22 LR caliber rifle, bearing serial
24         number 91697;**

25  (j)   **Remington, model 1100, 12 gauge shotgun, bearing serial
               number L871449V; and**

26  (k)   **ULR AR-15 type Rifle CAL: Unknown, SN: None.**

27

28

2.   The aforementioned forfeited assets are to be held by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") in its secure custody and control.

3.   Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

4.   Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.   This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6.   The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

//
//
//

4                                    15cr2720/15cr2721

7.     Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8.     Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: //19/2016

HONORABLE ROGER T. BENITEZ
United States District Judge