UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>ARTHUR LEE BAUTISTA,<br><br>                      Defendant. | Case No.:<br>3:15-cr-02720-DMS<br>3:15-cr-02721-DMS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(C)(1)(A)(I)** |

Pending before the Court is Defendant Arthur Lee Bautista's motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 339) (filed January 3, 2022). [1] Defendant asks the Court to reduce his sentence to time served or to serve the balance of his sentence through home confinement while on supervised released. (*Id.*) The government opposes Defendant's motion. (ECF No. 355.) This motion comes before the undersigned after it was transferred from Judge Benetiz on May 21, 2024. (ECF No. 360.) For the reasons stated below, the Court denies Defendant's motion.

---

[1] The Court will refer to filings by citing to the docket in Case No. 3:15-cr-02721-DMS unless otherwise noted.

1

## I. BACKGROUND

In 2016 Defendant pleaded guilty to two charges: a felon in possession of a firearm, Case No. 3:15-cr-02720-DMS; and conspiracy to distribute 150 grams of methamphetamine, Case No. 3:15-cr-02721-DMS. (ECF No. 119) (plea agreement for both cases); (ECF No. 203) (order accepting guilty plea). Later that year the Court sentenced Defendant to 137 months in prison followed by 5 years of supervised release. (ECF No. 233.)

Defendant, at the time *pro se*, filed the present motion to reduce his sentence in January 2022. (ECF No. 339.) Ten months later Defendant, now aided by counsel, filed a supplemental brief. (ECF No. 354.) A few days later the government filed its opposition. (ECF No. 355.) A few weeks later Defendant replied. (ECF No. 358.)

Defendant is presently confined at RRM Raleigh (Butner). When he filed his motion Defendant had served about 77-months, or 56 percent, of his 137-month sentence. Defendant's projected release date is July 18, 2024.[2]

## II. LEGAL STANDARD

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure or by statute. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act of 2018 ("FSA") is such a statute. Pub L. 115-391, 132 Stat. 5194. Defendant moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Under this provision of the FSA, a district court may exercise its discretion to reduce a sentence if it finds that there are "extraordinary and compelling reasons" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A). Specifically, Section 3582(c)(1)(A) provides:

> [T]he court, upon . . . motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the

---

[2] *See*, Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last updated June 6, 2024).

receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) . . . , if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . ; and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, there are three questions before the Court: (1) whether Defendant has satisfied the administrative exhaustion requirement; (2) whether Defendant has demonstrated extraordinary and compelling reasons for a sentence reduction consistent with applicable Sentencing Commission policy statements; and (3) whether the section 3553(a) factors support a sentence reduction. The Court may not grant relief unless it answers all three questions in the affirmative.

### III.   DISCUSSION

#### A.   Exhaustion of Administrative Remedies

A defendant must exhaust their administrative remedies before they can seek compassionate relief from a court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant has exhausted his administrative remedies. He applied for compassionate release with his warden, he has not received a response, and it has been more than 30-days since his request. (ECF No. 339 at 6.) The government also does not dispute that Defendant has exhausted his administrative remedies. (ECF No. 355 at 3.) Thus, Defendant satisfies this requirement.

#### B.   Extraordinary and Compelling Reasons

The Court may grant a motion to reduce sentence pursuant to § 3582(c)(1)(A) only upon a showing of "extraordinary and compelling reasons," and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Congress provided no statutory definition of "extraordinary and compelling reasons." Instead, Congress stated that the Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary

and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

The Ninth Circuit has held that there was no applicable policy statement in effect for defendant-initiated motions to reduce sentence because prior to November 1, 2023, U.S.S.G. § 1B1.13 referred only to motions filed by the BOP Director. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) ("We . . . hold that the [then] current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant.") (internal quotes omitted). In the absence of an applicable policy statement, the Ninth Circuit held that district courts were "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *Id.* at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 281–84 (4th Cir. 2020)) (omission in original). The only statutory exception is that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

However, on November 1, 2023, an applicable Sentencing Commission policy statement came into effect. The Sentencing Commission amended section 1B1.13 and it now explicitly governs motions filed by both individual defendants and the Director of the BOP. Section 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . [e]xtraordinary and compelling reasons warrant the reduction . . . .

U.S.S.G. § 1B1.13(a)(1)(A) (emphasis added). The guideline provides that a court may find extraordinary and compelling reasons exist due to the following factors, alone or in combination with other factors: (1) medical circumstances of the defendant, (2) age of the defendant, (3) family circumstances of the defendant, (4) the defendant being a victim of abuse while in custody, (5) other reasons a court finds to be "similar in gravity to"

Paragraphs (1)–(4), or (6) an unusually long and disparate sentence. *Id.* § 1B1.13(b). Thus, as of November 1, 2023, the amended version of U.S.S.G. § 1B1.13(a)(1)(A) is an applicable policy statement that applies to defendant-initiated compassionate release motions. *See Aruda*, 993 F.3d at 802.

Although an applicable policy statement is now in effect and any sentence reduction must be consistent with that statement, the Court nonetheless retains substantial discretion to determine what constitutes "extraordinary and compelling reasons" under Paragraph 5 of Section 1B1.13(b). *See* U.S.S.G. § 1B1.13(b)(5) (a court may conclude that "any . . . circumstance or combination of circumstances that, when considered by themselves or together . . . are similar in gravity to those described in paragraphs (1) through (4)" constitutes extraordinary and compelling reasons).

Defendant contends that he has two compelling reasons for compassionate release: (1) that an ailing parent needs his support; and (2) that he has made significant steps towards his rehabilitation. Each argument is addressed below.

### 1.  Family Care of Elderly Parent

Defendant argues that his father's need for care is a compelling reason for release. Under amended Section 1B1.13(b)(3)(C), a compelling reason for compassionate release may exist when the defendant's parent is incapacitated and the "defendant would be the only available caregiver for the parent." As the movant, Defendant bears the burden of "establishing that he is eligible for a sentence reduction." *United States v. Grummer*, 519 F. Supp. 3d 760, 762 (S.D. Cal. 2021) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)). And courts routinely require that defendants make "a robust evidentiary showing that [they are] the only available caregiver." *United States v. Bragg*, No. 12CR3617-CAB, 2021 WL 662269, at *2 (S.D. Cal. Feb. 19, 2021) (collecting cases). Here, Defendant is neither his father's only caregiver, nor is his father incapacitated.

First, Defendant is not his father's only caregiver. Defendant argues that his father's health has recently declined due to hypertension and diabetes. (ECF No. 354 at 3.) And that his father's spouse, who is in her seventies, will have limited ability to care for him

because of her age. (*Id.*)  But that is not the same as being his father's only caregiver. Moreover, Defendant does not argue that his father's spouse cannot care for him. Rather, he argues that "it is realistic to predict that that she will not be able to shoulder that burden forever." (*Id.* at 7.)  As a result, the Court cannot find that Defendant's father has no other caregiver.  *See United States v. Ramirez-Saurez*, No. 16-CR-00124-BLF-4, 2024 WL 1485859, at *5 (N.D. Cal. Apr. 5, 2024) (holding that defendant's wife was acting as caregiver to children and there was no suggestion that she was incapacitated).

Second, Defendant has not shown that his father is incapacitated. The Sentencing Commission does not define "incapacitation" in the context of compassionate release. Generally, a person is incapacitated when he is "completely disabled" and cannot care for himself.  *See United States v. Garcia-Lizarraga*, No. 20-CR-2053-LAB-1, 2024 WL 1626330, at *2 (S.D. Cal. Apr. 15, 2024).  Other courts have held that a person is incapacitated when he cannot "'receive and evaluate information or make or communicate decisions to such an extent that the individual lacks the ability to meet essential requirements for physical health, safety, or self-care, even with appropriate technological assistance.'" *United States v. Doolittle*, No. CR 19-501 (SRC), 2020 WL 4188160, at *3 (D.N.J. July 21, 2020) (declining to rely on BOP Program Statement § 5050.50 and relying on the Uniform Probate Code instead).  Regardless of the precise definition, Defendant has not shown that his father is incapacitated.  For instance, Defendant argues that his father cannot "attend and maintain his home properly." (ECF No. 354 at 7.)  But that does not suggest that his father is "completely disabled" or "lacks the ability to meet essential requirements for physical health, safety, or self-care, even with appropriate technological assistance." *See, e.g.*, *Garcia-Lizarraga*, 2024 WL 1626330, at *2; *Doolittle*, 2020 WL 4188160, at *3.  Moreover, Defendant's argument lacks the documentation or other support necessary to carry his burden. *See Grummer*, 519 F. Supp. 3d at 762 (defendant bears the burden of "establishing that he is eligible for a sentence reduction").  Therefore, the Court finds that care for Defendant's father is not an extraordinary and compelling reason that warrants early release.

### 2. Rehabilitation

Defendant alleges that his "complete rehabilitation during the past seven years provides another extraordinary and compelling reason for release." (ECF No. 354 at 7.) In support, he points to his low security classification and risk of recidivism, (*id.* at 8), and his employment prospects in HVCAC upon his release. The Court commends Defendant's progress, but "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason. . . ." U.S.S.G. 1B1.13(d).

### C.  § 3553 Factors

Because the Court finds that Defendant's motion does not present "extraordinary and compelling" reasons, the Court need not reach the §3553(a) sentencing factors. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step.").

## IV.  CONCLUSION AND ORDER

For the reasons discussed above, Defendant's Motion for Compassionate Release is denied.

**IT IS SO ORDERED**.

Dated: June 14, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court